UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **FEDERAL HOME LOAN MORTGAGE CORPORATION**<br>8200 Jones Branch Drive<br>McLean, VA  22101<br><br>      **Plaintiff**<br><br>      vs.<br><br>**PENN CAPITAL, LLC d/b/a**<br>**PENN CAPITAL GROUP**<br>575 E. Swedesford Road<br>Ste. 101<br>Wayne, PA  19087<br><br>**EDWARD ROGAN**<br>805 N. Limerick Road<br>Schwenksville, PA  19473<br><br>**PERCY NIKORAWALLA**<br>1003 Cottonwood Drive<br>Collegeville, PA  19426<br><br>**JAMES WEIGAND**<br>3 Huntrise Lane<br>West Chester, PA  19382<br><br>      **Defendants** | )<br>)<br>)<br>)<br>)<br>)  **Civil Action No.:** _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiff, Federal Home Loan Mortgage Corporation ("Freddie Mac"), by its attorneys, Potter & Murdock, P.C., for its Complaint in this action hereby states the following:

## INTRODUCTION

1.       This is a breach of contract action to recover from Defendants the outstanding balance of the hedging fee owed in the amount of $266,740.00 ("Outstanding Hedging Fee"), under an Index Lock Agreement ("ILA"), plus interest, costs, and attorney fees.

## JURISDICTION

2.       This Court has original jurisdiction of this claim under 12 U.S.C. § 1452(f), 28 U.S.C. § 1345 and 28 U.S.C. § 1331.

3.       Venue lies in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

4.       Freddie Mac is a government-sponsored enterprise chartered by Congress and has its principal place of business in McLean, Virginia.

5.       The Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654 (codified as 12 U.S.C. § 4511 et seq.), established the Federal Housing Finance Agency ("FHFA" or "Conservator") as Freddie Mac's primary regulator.  Congress chartered Freddie Mac to facilitate the nationwide secondary residential mortgage market.  See 12 U.S.C. § 1451.  To achieve this congressionally mandated purpose, Freddie Mac, *inter alia*, contracts with mortgage sellers and servicers who sell mortgage loans to and service mortgage loans for Freddie Mac according to the terms set forth in various agreements, including Index Lock Agreements.

6.       The Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654 (codified as 12 U.S.C. § 4511 et seq.), established the Federal Housing Finance Agency ("FHFA" or "Conservator") as Freddie Mac's primary regulator.

7. HERA provides that "[n]o property of [Conservator] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [Conservator, nor shall any involuntary lien attach to the property of [Conservator]." See 12 U.S.C. § 4617(j)(3) (emphasis added).

8. On September 6, 2008, pursuant to HERA, the Director of FHFA placed Freddie Mac into conservatorship, where it remains to this day. *See* 12 U.S.C. § 4617(a). As Conservator, FHFA succeeded to all of Freddie Mac's rights, titles, powers, privileges, and assets. 12 U.S.C. § 4617(b)(2)(A)(i). FHFA, as Conservator is statutorily empowered to "preserve and conserve [Freddie Mac's] assets and property," to "operate" Freddie Mac, to "perform all [of Freddie Mac's] functions in [Freddie Mac's] name," and to "collect all obligations and money due" Freddie Mac. 12 U.S.C. § 4617(b)(2)(B)(i)-(iv). Congress also mandated that "no court may take any action to restrain or affect the exercise of [FHFA's] powers or functions ... as a conservator." 12 U.S.C. § 4617(f). Because the Receiver derives its authority from the Court, Section 4617(f) also precludes the Receiver from restraining or affecting the Conservator's exercise of its statutory powers and functions.

9. Defendant Penn Capital LLC d/b/a Penn Capital Group ("Penn Capital Group") is a real estate investment company with its principal place of business at 575 E. Swedesford Road, Suite 101, Wayne, Pennsylvania 19087.

10. Defendant Edward Rogan is a citizen of the Commonwealth of Pennsylvania residing at 805 N. Limerick Road, Schwenksville, Pennsylvania 19473, and is a Managing Member of Penn Capital Group.

11. Defendant Percy Nikora is a citizen of the Commonwealth of Pennsylvania residing at 1003 Cottonwood Drive, Collegeville, Pennsylvania 19426, and is a Managing Member of Penn Capital Group.

12. Defendant James Weigand is a citizen of the Commonwealth of Pennsylvania residing at 3 Huntrise Lane, West Chester, Pennsylvania 19382, and is the Chief Financial Officer of Penn Capital Group.

**DEFENDANTS' BREACH OF DUTY TO PAY HEDGING FEE TO FREDDIE MAC**

13. Penn Capital Group as "Proposed Borrower Principal" entered into the Index Lock Agreement dated October 26, 2022 (the "Index Lock Agreement"), with lender, Berkeley Point Capital LLC d/b/a NEWMARK ("Lender" or "NEWMARK"), a Freddie Mac authorized mortgage loan seller/servicer.

14. The Index Lock Agreement allowed the Proposed Borrower Principal the opportunity to lock a defined Index-Locked Yield Rate on a specified United States Treasury Note ("Index Lock") for a mortgage not to exceed $26,908,000 (twenty-six million nine hundred and eight thousand dollars).

15. Under the Index Lock Agreement, the Proposed Borrower Principal had until December 26, 2022, to accept the Index Lock Agreement and, separately, to exercise the opportunity and accept the specified Index Lock by giving Lender an "Index Lock Authorization."

16. Proposed Principal Borrower timely accepted the Index Lock Agreement effective October 26, 2022, and locked the Index-Locked Yield Rate on the Index set forth in the Index Lock for a mortgage in the amount of the Index-Locked Mortgage Amount (*i.e.*, $26,830,000).

17. Upon Proposed Borrower Principal's timely acceptance of the Index Lock Agreement, Freddie Mac allowed the Lender, NEWMARK, to Index Lock.

18. With Proposed Principal Borrower acceptance of the Index Lock Agreement and entering into an Index Lock, Lender and Freddie Mac accepted the risk of the Treasury note interest volatility and hedged that risk for Proposed Borrower Principal until the Index Lock Expiration Date (*i.e.*, December 26, 2022), the deadline for Proposed Borrower Principal to enter into the Interest Rate Lock pursuant to the terms of a Commitment or an ERLA (early rate lock application)

19. The Index Lock Expiration Date occurred before Interest Rate Lock pursuant to a Commitment or an ERLA occurred.

20. In recognition of Lender and Freddie Mac hedging the risk for the period between October 26, 2022, and December 26, 2022, the Index Lock Agreement included a provision, "Hedging Costs; Hedging Fee/Default: Remedies," under which Proposed Borrower Principal Penn Capital Group and "Breakage Obligor" agreed to the terms and conditions set forth on Schedule C of the Index Lock Agreement,

21. As defined in the Index Lock Agreement, "Breakage Obligor" included "Proposed Guarantor" or "…an individual…that…(ii) has an ownership interest in Proposed Borrower or another relationship to Proposed Borrower or the transaction that is legally sufficient to support the contractual obligation to pay the Hedging Fee."

22. Defendants Rogan, Nikorawalla, and Weigand are each listed as "Proposed Guarantor" in the Index Lock Agreement and are, thus each a Breakage Obligor.

23. Defendants Rogan, Nikorawalla, and Weigand have an ownership interest in Proposed Borrower and are its officers and, thus, each a Breakage Obligor.

24. The Hedging Costs; Hedging Fee/Default: Remedies provision incorporated Exhibit C to the Index Lock Agreement, titled "Hedging Fee Provisions." As set forth in the Hedging Fee Provisions, to secure an Index Lock, Freddie Mac enters one or more hedge

transactions ("Hedge") in which it incurs "Hedging Costs."  If Freddie Mac is forced to liquidate its Hedge and unwind the Index Lock because of an Index Lock Default, it could incur "Hedge Losses."  The Hedging Costs and Hedging Losses are referred to collectively as the "Hedging Fee."

25. In the event of default under the Index Lock Agreement, Lender, Proposed Borrower Principal, and each Breakage Obligor agreed to be liable to Freddie Mac for the payment of the Hedging Fee.

26. A default under the Index Lock Agreement includes, *inter alia*: the Index Lock Expiration Date occurs before Interest Rate Lock pursuant to a Commitment or an ERLA occurs.

27. December 26, 2022, was the Index Lock Expiration Date by which Proposed Borrower Principal, Penn Capital Group, was required to enter into an Interest Rate Lock pursuant to a Commitment or an ERLA.  It did not enter into an Index Lock Rate by that date, and its failure to do so was a default.

28. In the event of an Index Lock Default, Lender is liable to Freddie Mac for the Hedging Fee, and Proposed Borrower Principal and each Breakage Obligor are jointly and severally liable to the Lender for the Hedging Fee.

29. Under the Hedging Fee Provisions, Proposed Borrower Principal and Breakage Obligor agreed to Lender's assignment to Freddie Mac of Proposed Borrower Principal's and Breakage Obligor's obligation pursuant to the Index Lock Agreement to pay Lender the Hedging Fee.

30. Under the Hedging Fee Provisions, Proposed Borrower Principal and Breakage Obligor waived the right to assert against Freddie Mac as assignee of Lender, any claim or defense to the claim assigned that arises out of transactions or relationships between Proposed Borrower

Principal and Lender and/or between Breakage Obligor and Lender, including claims or defenses for fraud or set-off.

31. Proposed Borrower Principal and Breakage Obligor also waived any defense as to the validity of any liquidated damages set forth in the Index Lock Agreement.

32. On January 18, 2023, NEWMARK, formally entered an Assignment and Assumption of Hedging Fee Rights to Freddie Mack regarding the October 26, 2022, Index Lock Agreement with Penn Capital Group.

33. The calculation of the Hedging Fee amount is set forth in the Hedging Fee Provisions.

34. The Hedging Fee, as calculated pursuant to the Hedging Fee Provisions, was $811,575.91; however, the Hedging Fee Provisions provide that the Hedging Fee will in no event exceed 3.0% of the Index-Locked Mortgage Amount.

35. Accordingly, the Hedging Fee is $804,900.

36. Proposed Borrower Principal submitted a good faith deposit in the amount of $536,600 (the "GFD Deposit") to Lender.

37. The GFD Deposit was applied by Lender as a partial payment of the Hedging Fee.

38. The unpaid portion of the Hedging Fee is $266,740.00.

39. On March 2, 2023, Freddie Mac, made written demand to Defendants for payment of the Outstanding Hedging Fee to be paid by March 13, 2023.

40. Defendants have failed to pay the Outstanding Hedging Fee.

## COUNT I

### BREACH OF CONTRACT

41.     Plaintiff incorporates the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

42.     The Index Lock Agreement is a valid and binding contract.

43.     NEWMARK, as Lender, performed its obligations under the Index Lock Agreement to secure and hold an Index Lock.

44.     Defendants had the benefit of the time, effort, and cost Lender and Freddie Mac incurred, i.e., the Hedge, for the Index Lock.

45.     Defendants are parties to and bound to their obligations in the Index Lock Agreement.

46.     Defendant Penn Capital Group, as Proposed Borrower Principal, failed to perform its obligation to enter into the Interest Rate Lock pursuant to a Commitment or an ERLA by December 26, 2022, as required under the Index Lock Agreement.

47.     The failure is a "Default" under the terms of the Hedging Fee Provisions in the Index Lock Agreement.

48.     Under the Hedging Fee Provisions of the Index Lock Agreement, Defendant Penn Capital Group, as Proposed Borrower, and Breakage Obligors Rogan, Nikorawalla, and Weigand are jointly and severally obligated to the pay Hedging Fee to NEWMARK which is the Lender.

49.     Defendants agreed to the NEWMARK assignment to Freddie Mac of its rights to be paid the Hedging Fee in the event of Default.

50.     NEWMARK assigned Freddie Mac its rights to be paid the Hedging Fee in the event of Default.

51. Defendants have failed to pay the outstanding amount of the Hedging Fee of $266,740.00.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

A. Payment of all amounts due and owing for the Hedging Fee in the amount of $266,740.00;

B. Its attorneys' fees and costs to enforce its right to payment of the Hedging Fee;

C. All other equitable and monetary relief against Defendants that is permitted by law.


Dated: November 27, 2023                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　__/s/John M. Murdock_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　John M. Murdock (VSB No.: 26647)
　　　　　　　　　　　　　　　　　　　　　　　　　　　POTTER & MURDOCK, P.C.
　　　　　　　　　　　　　　　　　　　　　　　　　　　252 N. Washington Street
　　　　　　　　　　　　　　　　　　　　　　　　　　　Falls Church, VA  22046
　　　　　　　　　　　　　　　　　　　　　　　　　　　(703) 992-6950
　　　　　　　　　　　　　　　　　　　　　　　　　　　jmurdock@pottermurdock.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Federal Home Loan Mortgage Corporation*